**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ANDRE HARRIS
ADC # 144001**                                                                                          **PLAINTIFF**

V.                           **CASE NO. 4:10CV00089 JLH/BD**

**DOC HOLIDAY,** *et al.*                                                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.     Introduction:**

On February 11, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his original Complaint in this action pro se under 42 U.S.C. § 1983.  (Docket entry #1)  In his original Complaint, Plaintiff claimed that while he was housed at the Pulaski County Detention Facility ("PCDF") in 2008, he was placed in punitive segregation without cause for more than eight months.  Plaintiff claims that while he was housed in segregation, he was denied visitation, commissary, and the opportunity to write letters for nearly four months.  Plaintiff, however, did not state whether he was a convicted person at the time of his detention; nor did he identify the individual who placed him in punitive segregation.  Accordingly, Plaintiff was instructed to file an Amended Complaint providing the Court with specific information regarding his claim. (#2)

On March 16, 2010, Plaintiff filed an "Affidavit" in this matter.  (#5)  In his Affidavit, Plaintiff states that he was transferred from the Angola  Louisiana State Penitentiary to the PCDF in 2008.  He alleges that he was serving a three-year sentence for aggravated assault and that, upon his arrival at PCDF, Sgt. Parker (not a Defendant to this action) placed him in punitive segregation where he remained for eight-and-one-half months.  Plaintiff explains that his placement in punitive segregation was not the result of a disciplinary; rather, Plaintiff was told that he was placed in segregation because that is where "they" place inmates who are "there for court."  (#5)

On April 12, 2010, Plaintiff filed an Amended Complaint in this matter. (#11) In his Amended Complaint, Plaintiff alleges that he was placed in isolation while he was housed at the PCDF in 2008.[2] Plaintiff also claims that his first amendment rights to freedom of speech and freedom of religion were violated during his detention at the PCDF.[3]

Based upon the allegations contained in his Complaints, the Court recommends that Plaintiff's claims be DISMISSED without prejudice.

## III.   Discussion:

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint

---

[2] Although Plaintiff previously stated that he was placed in segregation, in his Amended Complaint, he alleges that he was housed in isolation.

[3] In his Amended Complaint, Plaintiff quotes the Eighth Amendment to the Constitution that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  Plaintiff, however, fails to provide any factual allegations to support such claims.  To the extent Plaintiff claims that he was denied equal protection while housed at PCDF in alleging that he was denied "equal opportunity," this claim also fails.  An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *Klinger v. Dept. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.3d 1093, 1103 (8th Cir. 1990)); *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).  Here, Plaintiff failed to provide any facts to support such a claim.

must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A. Due Process

Here, Plaintiff claims that his due process rights were violated when he was placed in punitive segregation for almost nine months without cause. In order to prevail on a fourteenth amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff is not contending that Defendants deprived him of life or property, he must identify the liberty interest associated with his due process claim. *Id*. Liberty interests arising from state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

The Eighth Circuit has held that placement in punitive isolation for relatively short intervals of time, and the temporary suspension of privileges while so confined, does not constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause.  See *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).[4]

---

[4] To the extent that Plaintiff claims that his placement in punitive isolation violates the eighth amendment prohibition against cruel and unusual punishment, this claim also fails.  In order to establish that a prisoner's conditions of confinement are unconstitutional, the prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's

Here, although Plaintiff claims that he was placed in punitive segregation for almost nine months and that for at least four of those months, he was denied visitation, commissary, and the ability to write letters, without more, the Court cannot say that Plaintiff's assignment to punitive segregation constituted "an atypical and significant" hardship on Plaintiff. See *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61, 109 S.Ct. 1904,(1989) (holding that an inmate's interest in visitation does not rise to a liberty interest protected under the Due Process Clause) and *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("[a] prisoner does not have a liberty interest in contact visitation"). See also *Henson v. Manus*, 2009 WL 530374, *4 (E.D. Ark. March 3, 2009) (sixty-day restriction of plaintiff inmate's commissary, telephone, visitation, and recreation privileges did not support a finding of an atypical and significant deprivation). Importantly, in this case, Plaintiff does not allege that he was denied the opportunity to receive personal mail, nor does he state that he was denied the opportunity to send or receive legal mail while he was housed in punitive segregation.

---

necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)). Here, Plaintiff fails to allege that he was denied any of life's necessities while he was housed at the PCDF. Although Plaintiff's housing conditions may not have been ideal, the constitution does not mandate "comfortable" prisons. See *Hudson*, 503 U.S. at 9.

In addition, although in his Affidavit Plaintiff identifies Sgt. Parker as the individual who originally placed him in punitive segregation, he fails to name Sgt. Parker as a Defendant in this action.  Because Plaintiff fails to allege that any of the named Defendants were responsible for any constitutional deprivations, his claims fail.  See *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights").

B.   First Amendment

In his Amended Complaint, Plaintiff alleges that while he was detained at the PCDF, he was not allowed to correspond with his family and his "Catholic Church Book" was taken from him.  Plaintiff fails to identify, however, the individual responsible for such conduct.  Without identifying the individual who caused Plaintiff harm, he may not proceed on this claim.

Further, the named Defendants in this lawsuit appear to have supervisory roles at the PCDF.  Unfortunately for Plaintiff, respondeat superior does not apply to claims brought under § 1983.  *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984).  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Clemmons v. Armontrout*,

7

477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted).

Accordingly, Plaintiff's claim fails.

**IV.     Conclusion:**

The Court recommends that Plaintiff's claims be DISMISSED without prejudice.

DATED this 19th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE